**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED
04/23/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| Precious Okereke, | ) |
|        Plaintiff, | ) |
| v. | )    Civil Action No.  20-42 (UNA) |
| Juan R. Torruella *et al.*, | ) |
|        Defendants. | ) |

**MEMORANDUM OPINION**

This matter, filed *pro se*, is before the Court on consideration of plaintiff's complaint and application to proceed *in forma pauperis*. The application will be granted, and this case will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (requiring dismissal of the case "at any time" the court determines that it is frivolous).

Plaintiff is a resident of Boston, Massachusetts. She has sued six circuit judges in the United States Court of Appeals for the First Circuit and one district judge in the United States District Court for the District of Massachusetts. Compl. at 4 ("Parties"). The Complaint, to the extent intelligible, is based on (1) the alleged decisions of United States District Judge Indira Talwani during plaintiff's civil case against United States District Judge Rya W. Zobel, and (2) the circuit court's alleged dismissal of plaintiff's appeal. *See id*. at 1-3, 5-6. Plaintiff seeks $80 million in compensatory and punitive damages from each defendant. *Id*. at 7.

An "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland* 655 F.2d 1305, 1308 (D.C. Cir. 1981). Judges enjoy absolute immunity from suits based on acts taken in their judicial capacity, so long as they have jurisdiction

over the subject matter.  *Moore v. Burger*, 655 F.2d 1265, 1266 (D.C. Cir. 1981) (per curiam) (citing cases).  Consequently, a complaint, such as here, against judges who have "done nothing more than their duty" is "a meritless action."  *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995); *see accord Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C. 2011) (finding "claims against the district and court of appeals judges . . . patently frivolous because federal judges are absolutely immune from lawsuits predicated, as here, for their official acts").

In addition, complaints lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Crisafi*, 655 F.2d at 1307-08 ("A court may dismiss as frivolous complaints reciting bare legal conclusions . . ., or postulating events and circumstances of a wholly fanciful kind.").  Plaintiff's complaint satisfies this standard as well.  So, this case will be dismissed with prejudice.  *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam) ("A dismissal with prejudice is warranted . . . when a trial court 'determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (emphasis omitted)).  A separate order accompanies this Memorandum Opinion.

Date: April 22, 2020

             /s/        
AMY BERMAN JACKSON
United States District Judge